**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VOIP-PAL.COM, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC.;<br>AMAZON.COM SERVICES LLC; and<br>AMAZON WEB SERVICES, INC.<br><br>  Defendants. | CIVIL ACTION NO. 6:20-cv-00272-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF VOIP-PAL.COM, INC.'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION TO STRIKE THE AMAZON DEFENDANTS' COUNTERCLAIMS FOR NON-INFRINGEMENT AND INVALIDITY**

## **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................................ 1

II.  FACTUAL AND PROCEDURAL BACKGROUND................................................................ 1

III.  ARUGMENT ............................................................................................................................ 2

   A.  Amazon's Counterclaims for Declaratory Judgment of Non-Infringement and Invalidity Should be Dismissed for Failure to State a Claim Because They Do Not Put VoIP-Pal on Reasonable Notice of Amazon's Non-Infringement or Invalidity Theories......................................................................... 2

   B.  Amazon's Counterclaims for Declaratory Judgments of Non-Infringement and Invalidity Should be Stricken as Duplicative of Amazon's Affirmative Defenses................................................. 6

     1. Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. do not infringe, and have not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and are not liable for infringement of, any valid and enforceable claim of the '606 patent. ..................................................................................................................... 7

     2. Amazon.com, Inc., Amazon.com Services LLC, or Amazon Web Services, Inc. have not infringed and do not infringe any claim of the '606 patent, directly, indirectly, literally, or under the doctrine of equivalents............................................................................................................ 7

IV.  CONCLUSION......................................................................................................................... 7

**TABLE OF AUTHORITIES**
**Cases**

*Albritton Prop. v. Am. Empire Surplus Lines*, 2005 U.S. Dist. LEXIS 7330 (N.D. Tex. Apr. 25, 2005). 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 2

*ASUSTeK Computer Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 U.S. Dist. LEXIS 149330 (N.D. Cal. Dec. 29, 2011) ................................................................................ 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 2

*Bender v. LG Electronics U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 33075 (N.D. Cal. Mar. 11, 2010) ............ 4

*Deniece Design, LLC v. Braun*, 953 F. Supp. 2d 765 (S.D. Tex. 2013) ..................................... 3

*Doe I v. Roman Catholic Diocese*, 2006 U.S. Dist. LEXIS 58347 (S.D. Tex. Aug. 18, 2006) .................. 6

*Duramed Pharms., Inc. v. Watson Labs., Inc.*, No. 3:08-CV-00116-LRH-RAM, 2008 U.S. Dist. LEXIS 103389 (D. Nev. Dec. 12, 2008) ................................................................................ 4

*Hanson Aggregates, Inc. v. Roberts & Schaefer Co.*, 2006 U.S. Dist. LEXIS 55353 (N.D. Tex. Aug. 9, 2006) ................................................................................................................. 6, 7

*Human Power of N, Co. v. Synergixx, LLC*, No. 1-17-CV-1065-LY, 2018 U.S. Dist. LEXIS 116636 (W.D. Tex. July 12, 2018) ................................................................................ 3

*Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.*, Consolidated Civil Action No. SA-11-CV-163-XR, 2013 U.S. Dist. LEXIS 78624 (W.D. Tex. June 4, 2013) ................................... 3

*Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). ...................... 3

*PetEdge, Inc. v. Marketfleet Sourcing, Inc.*, 2017 U.S. Dist. LEXIS 107541 (D. Mass July 12, 2017) .... 4

*Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) ........................... 4, 5

*SecurityProfiling, LLC v. Trend Micro Am., Inc.*, No. 6:16-CV-01165-RWS-JDL, 2017 U.S. Dist. LEXIS 72218 (E.D. Tex. May 11, 2017) ................................................................. 3, 5

*Sliding Door Co. v. KLS Doors, LLC*, No. EDCV 13-00196 JGB (DTBx), 2013 U.S. Dist. LEXIS 71304
(C.D. Cal. May 1, 2013) ............................................................................................................ 4

*Symetra Life Ins. Co. v. Rapid Settlements Ltd.*, 612 F. Supp. 2d 759 (S.D. Tex. 2007) ...................... 6, 7

*United States v. Forest Dale, Inc.*, 818 F. Supp. 954 (N.D. Tex. 1993) ...................................................... 6

*Woods v. Torkelson*, No. 5:19-CV-0446-JKP, 2019 U.S. Dist. LEXIS 199179 (W.D. Tex. Nov. 18,
2019) ........................................................................................................................................ 3, 6

*Wordtech Sys., Inc. v. Integrated Networks Solutions Inc.,* 609 F.3d 1308 (Fed. Cir. 2010) ...................... 4

*Xilinx, Inc. v. Invention Inv. Fund LLP*, 2011 U.S. Dist. LEXIS 81986 (N.D. Cal. July 27, 2011) ........... 4

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................................................................. 2

Fed. R. Civ. P. 12(f) ................................................................................................................................... 1

# **TABLE OF ABBREVIATIONS**

| ABBREVIATION | TERM |
|---|---|
| VoIP-Pal | Plaintiff VoIP-Pal.com, Inc. |
| Amazon | Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services Inc. |
| The '606 patent | U.S Patent No. 10,218,606 |
| The patent-in-suit | The '606 patent |

**I.     INTRODUCTION**

On July 10, 2020, Amazon filed its Answer and Counterclaims to VoIP-Pal's Complaint.[1] Amazon's Answer included affirmative defenses of non-infringement (Amazon's first affirmative defense) and invalidity (Amazon's second affirmative defense).[2] In its Counterclaims, Amazon also sought declaratory judgment of non-infringement and invalidity of the patent-in-suit. However, the Both Counterclaims, however, lacked a legal basis. Instead, Amazon merely provided a formulaic legal conclusion of non-infringement and patent invalidity that does not reasonably put VoIP-Pal on notice of Amazon's non-infringement or invalidity theories. Therefore, VoIP-Pal respectfully asks the Court to dismiss both counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as they fail to meet the pleading standards of *Iqbal* and *Twombly*. In the alternative, VoIP-Pal respectfully requests that the Court strike the counterclaim under Rule 12(f) of the Federal Rules of Civil Procedure, as they are merely duplicative of Amazon's affirmative defenses.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

VoIP-Pal filed the Original Complaint on April 6, 2020, accusing Amazon of directly, indirectly, and willfully infringing the '606 patent.[3] Amazon answered the Complaint with counterclaims on July 10, 2020.[4] In its Answer, Amazon presented seven affirmative defenses. Its First Defense recited:

> (1) Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. do not infringe, and have not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and are not liable for infringement of, any valid and enforceable claim of the '606 patent.[5]

Its Second Defense stated:

---

[1] *See* Dkt. No. 21.
[2] *Id*. at 16, ¶¶ 56-57.
[3] Dkt. No. 1.
[4] Dkt. No. 21.
[5] *Id.* at 16, ¶ 56.

1

> (2) One or more claims of the '606 patent are invalid for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.[6]

Amazon presented two counterclaims, which recite, in relevant part, nearly identical language to its affirmative defenses of non-infringement and invalidity:

> (1) Amazon.com, Inc., Amazon.com Services LLC, or Amazon Web Services, Inc. have not infringed and do not infringe any claim of the '606 patent, directly, indirectly, literally, or under the doctrine of equivalents.[7]

> (2) The claims of the '606 patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.[8]

### III.  ARGUMENT

#### A.  Amazon's Counterclaims for Declaratory Judgment of Non-Infringement and Invalidity Should be Dismissed for Failure to State a Claim Because They Do Not Put VoIP-Pal on Reasonable Notice of Amazon's Non-Infringement or Invalidity Theories.

Under Rule 12(b)(6), a party may move for dismissal of a claim or counterclaim if a party fails to state a claim upon which relief can be granted.[9]  "To survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10]  In this Court, it is appropriate to dismiss counterclaims in a patent infringement case where the counterclaims "do not meet the particularized pleading requirements set forth in *Iqbal* and

---

[6] *Id.* at 16, ¶ 57.
[7] *Id.* at 18, ¶ 10
[8] *Id.* at 19, ¶ 15. The other paragraphs in Amazon's counterclaims attempt to establish standing for declaratory judgment, but do not recite substance related to non-infringement or invalidity. *See* Dkt. No. 21 at 18-19.
[9] Fed. R. Civ. P. 12(b)(6).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2

*Twombly* to sufficiently state a claim for relief."[11]  A counterclaim will be facially plausible when a counterclaim plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . While detailed factual allegations are not necessary, a [counterclaim] plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"[12]  The particularized pleading requirement "provides opposing parties fair notice of what the . . . claim is and the grounds upon which it rests."[13]  Although the court must draw all reasonable inferences from the facts alleged in a party's counterclaim, if a dispositive issue of law shows no claim exists on the face of the pleadings, a court may dismiss a counterclaim under Rule 12(b)(6).[14]  In conducting this examination, the court "need not accept as true conclusory allegations or allegations stating a legal conclusion."[15]

Federal courts in Texas and around the country have dismissed counterclaims in patent cases under Rule 12(b)(6) where—as here—those claims only recited formulaic conclusions of invalidity or non-infringement.  For example, in *SecurityProfiling*, the patent infringement defendants asserted a counterclaim for invalidity under the theory of inequitable conduct.[16]  The court held that the counterclaim should be dismissed for failure to state a claim because "Defendants did not include any allegations regarding such [conduct] in support of their counterclaims for invalidity."[17]  Further, the

---

[11] *SecurityProfiling, LLC v. Trend Micro Am., Inc.*, No. 6:16-CV-01165-RWS-JDL, 2017 U.S. Dist. LEXIS 72218, at *2-3 (E.D. Tex. May 11, 2017).
[12] *Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.*, Consolidated Civil Action No. SA-11-CV-163-XR, 2013 U.S. Dist. LEXIS 78624, at *8-9 (W.D. Tex. June 4, 2013) (quoting *Twombly*, 550 U.S. at 555).
[13] *Woods v. Torkelson*, No. 5:19-CV-0446-JKP, 2019 U.S. Dist. LEXIS 199179, at *6 (W.D. Tex. Nov. 18, 2019) (internal citation omitted); *see also Deniece Design, LLC v. Braun*, 953 F. Supp. 2d 765, 773 (S.D. Tex. 2013) ("As noted, the Fifth Circuit has held that Rule 8(a) notice pleading requirements apply to counterclaims and affirmative defenses as wells to complaints.").
[14] *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).
[15] *Human Power of N, Co. v. Synergixx, LLC*, No. 1-17-CV-1065-LY, 2018 U.S. Dist. LEXIS 116636, at *4 (W.D. Tex. July 12, 2018) (citing *Iqbal*, 556 U.S. at 678).
[16] *SecurityProfiling*, 2017 U.S. Dist. LEXIS 72218, at *2-*3.
[17] *Id*. at *3.

court looked only "to the relevant portion of the pleading asserting a counterclaim for invalidity to determine whether Defendants have alleged sufficient facts to support a plausible claim, not the entire pleading."[18] In that case, "Defendants failed to state a plausible counterclaim for invalidity because Defendants merely list[ed] the statutory provisions without providing any facts supporting their counterclaim for invalidity."[19]

Here, Amazon's counterclaims for declaratory judgment of non-infringement and invalidity closely resemble those counterclaims dismissed by the *SecurityProfiling* court and numerous other

---

[18] *Id.* at *3-*4.

[19] *Id*. at *4 (internal citation and alteration omitted); *see also PetEdge, Inc. v. Marketfleet Sourcing, Inc.*, 2017 U.S. Dist. LEXIS 107541, at *8 (D. Mass July 12, 2017) (dismissing non-infringement counterclaim that "amount[ed] to nothing more than a denial of infringement" and "alleges that 'Marketfleet has not infringed any valid and enforceable claim of the '236 patent, either literally or under the doctrine of equivalents, willfully or otherwise,' without further support"); *Sliding Door Co. v. KLS Doors, LLC*, No. EDCV 13-00196 JGB (DTBx), 2013 U.S. Dist. LEXIS 71304, at *12 (C.D. Cal. May 1, 2013) (dismissing defendants' counterclaim for declaratory judgment of invalidity where the counterclaim merely stated that one or more claims of the patent was "invalid for failure to meet the requirements of patentability"); *ASUSTeK Computer Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 U.S. Dist. LEXIS 149330, at *40 (N.D. Cal. Dec. 29, 2011) ("Nonetheless, without identifying the accused products, there simply is no way to adjudicate an infringement claim. Absent identification of the products accused of infringement, there is no concrete case or controversy or sufficient specificity to satisfy *Twombly*."); *Xilinx, Inc. v. Invention Inv. Fund LLP*, 2011 U.S. Dist. LEXIS 81986, at *19 (N.D. Cal. July 27, 2011) (dismissing counterclaim for declaratory judgment of non-infringement and noting that "[i]n an action for declaratory judgment concerning claims for patent non-infringement, the pleading must specify the products or conduct alleged not to infringe"); *Bender v. LG Electronics U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 33075, at *18-*19 (N.D. Cal. Mar. 11, 2010) (dismissing infringement complaint for failure to "provide fair notice to [d]efendants of the specific infringements alleged" and noting that a complaint should identify the products or product components at issue); *Duramed Pharms., Inc. v. Watson Labs., Inc.*, No. 3:08-CV-00116-LRH-RAM, 2008 U.S. Dist. LEXIS 103389, at *11 (D. Nev. Dec. 12, 2008) (dismissing a counterclaim containing a general allegation that the claims of the patent-in-suit were "invalid because they fail to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101 *et seq.*"); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050-51 (N.D. Cal. 2004) ("In alleging patent invalidity, eHelp simply pleads the citation. eHelp alleges that 'the '441 patent is invalid and void under the provisions of Title 35, United States Code §§ 100 *et seq.,* and specifically, §§ 101, 102, 103, and/or 112 ....' . . . Such a pleading is radically insufficient. The Court will not accept wholly conclusory allegations."); *consider Wordtech Sys., Inc. v. Integrated Networks Solutions Inc.,* 609 F.3d 1308, 1322 (Fed. Cir. 2010) (noting that an allegation that "claims of the Patents are invalid for failure to comply with" the statutory requirements provides "little notice").

4

courts for failing to provide specificity. Amazon's non-infringement counterclaim merely recites, in formulaic fashion, the bare legal conclusion that it "do[es] not infringe, and have not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and [is] not liable for infringement of, any valid and enforceable claim of the '606 patent."[20] These counterclaims do not recite any accused product or method, let alone provide any explanation or reasonable notice of Amazon's theory of how or why those products or methods do not infringe the asserted patents. Amazon's non-infringement counterclaims provide VoIP-Pal with no basis for assessing the strength of Amazon's non-infringement position. Accordingly, Amazon's non-infringement counterclaim should be dismissed for failure to state a claim.[21]

Similarly, Amazon's invalidity counterclaims merely recite formulaic legal conclusions about the '606 patent: "The claims of the '606 patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112."[22] This language, too, parallels the language of numerous invalidity counterclaims that courts have dismissed for failure to state a claim.[23] Amazon's generic, formulaic recitation of statutory provisions in its invalidity counterclaims does not provide VoIP-Pal with any reasonable

---

[20] Dkt. No. 21 at 16, ¶ 56.
[21] *See, e.g.*, *SecurityProfiling*, 2017 U.S. Dist. LEXIS 72218, at *5.
[22] Dkt. No. 21 at 19, ¶ 15.
[23] *See, e.g.*, *SecurityProfiling*, 2017 U.S. Dist. LEXIS 72218, at *4-*5 (dismissing invalidity counterclaim under Rule 12(b)(6) where counterclaim alleged "one or more of the claims of the '699 Patent are invalid for failure to meet the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103, 112, and/or 116 . . . ."); *see also Qarbon.com*, 315 F. Supp. 2d 1046, 1050-51 (dismissing invalidity counterclaim reciting that "the '441 patent is invalid and void under the provisions of Title 35, United States Code §§ 100 et seq., and specifically, §§101, 102, 103, and/or 112 ....").

basis to assess the strength of Amazon's invalidity theories, and those counterclaims should be dismissed for this reason.[24]

### B. Amazon's Counterclaims for Declaratory Judgments of Non-Infringement and Invalidity Should be Stricken as Duplicative of Amazon's Affirmative Defenses.

A motion to strike material from a pleading is made under Rule 12(f), which allows a court to strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous."[25]  "The essential function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[26]

Federal courts in Texas have explained, "a motion for declaratory judgment that merely restates a party's defenses is insufficient unless the party can prove that there are issues of greater ramification to be resolved."[27]  Dismissing counterclaims is appropriate when they do not seek relief different from the defendant's affirmative defenses.[28]

In this case, Amazon's non-infringement and invalidity counterclaims serve no useful purpose, as they are almost verbatim repetitions of Amazon's affirmative defenses:

---

[24] *See, e.g.*, *SecurityProfiling*, 2017 U.S. Dist. LEXIS 72218, at *5; *see also Woods*, 2019 U.S. Dist. LEXIS 199179, at *6 (pleading requirements provide notice function).
[25] Fed. R. Civ. P. 12(f).
[26] *Doe I v. Roman Catholic Diocese*, 2006 U.S. Dist. LEXIS 58347, at *6 (S.D. Tex. Aug. 18, 2006) (internal citation omitted)
[27] *Hanson Aggregates, Inc. v. Roberts & Schaefer Co.*, 2006 U.S. Dist. LEXIS 55353, at *10 (N.D. Tex. Aug. 9, 2006) (quoting *Albritton Prop. v. Am. Empire Surplus Lines*, 2005 U.S. Dist. LEXIS 7330, at *9 (N.D. Tex. Apr. 25, 2005)); *see also Symetra Life Ins. Co. v. Rapid Settlements Ltd.*, 612 F. Supp. 2d 759, 768 (S.D. Tex. 2007).
[28] *Hanson Aggregates*, 2006 U.S. Dist. LEXIS 55353, at *10; *Regus Management Group, LLC v. IBM Corp.*,U.S. Dist. LEXIS 47276, at *5-*6 (N.D. Tex. June 17, 2008) ("In the Federal Rule of Civil Procedure 12(b)(6) context, courts regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit."); *see also United States v. Forest Dale, Inc.*, 818 F. Supp. 954, 971 (N.D. Tex. 1993) (dismissing a declaratory judgment action asserted by the defendants against a third-party defendant because "the issues upon which Defendants seek a declaration are necessarily ones which will be addressed in [the] main action").

| **Affirmative Defenses** | **Counterclaims** |
|---|---|
| 1. Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. do not infringe, and have not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and are not liable for infringement of, any valid and enforceable claim of the '606 patent.[29] | 1. Amazon.com, Inc., Amazon.com Services LLC, or Amazon Web Services, Inc. have not infringed and do not infringe any claim of the '606 patent, directly, indirectly, literally, or under the doctrine of equivalents.[30] |
| 2. One or more claims of the '606 patent are invalid for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.[31] | 2. The claims of the '606 patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.[32] |

By virtue of its affirmative defenses, Amazon has already placed the issues of non-infringement and invalidity before the Court, and its parallel counterclaims are simply duplicative, serving no useful purpose. Amazon's non-infringement and invalidity counterclaims should be stricken under Rule 12(f).[33]

## IV.   CONCLUSION

For the foregoing reasons, VoIP-Pal respectfully requests that the Court grant its motion to dismiss Amazon's non-infringement and invalidity counterclaims under Rule 12(b)(6). In the alternative, VoIP-Pal asks the Court to strike the counterclaims as redundant and insufficient.

---

[29] *Id.* at 16, ¶ 56.
[30] *Id.* at 18, ¶ 10.
[31] *Id*. at 16, ¶ 57.
[32] *Id.* at 19, ¶ 15. The other paragraphs in Amazon's counterclaims attempt to establish standing for declaratory judgment, but do not recite substance related to non-infringement or invalidity. *See* Dkt. No. 21 at 18-19.
[33] *See, e.g.*, *Hanson Aggregates*, 2006 U.S. Dist. LEXIS 55353, at *10; *see also Symetra*, 612 F. Supp. 2d at 768.

Dated: July 31, 2020               Respectfully submitted,


                                   By: /s/*Lewis E. Hudnell, III*
                                   Lewis E. Hudnell, III
                                   lewis@hudnelllaw.com
                                   Nicolas S. Gikkas
                                   nick@gikkaslaw.com
                                   Hudnell Law Group P.C.
                                   800 W. El Camino Real Suite 180
                                   Mountain View, California 94040
                                   T: 650.564.3698
                                   F: 347.772.3034

                                   **ATTORNEYS FOR PLAINTIFF
                                   VOIP-PAL.COM, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing PLAINTIFF VOIP-PAL.COM, INC.'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION TO STRIKE THE AMAZON DEFENDANTS' COUNTERCLAIMS FOR NON-INFRINGEMENT AND INVALIDITY via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) this 31st day of July, 2020.

By: */s/Lewis E. Hudnell, III*
Lewis E. Hudnell, III
lewis@hudnelllaw.com
Hudnell Law Group P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.3698
F: 347.772.3034