**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **VOIP-PAL.COM, INC.** | § | |
| *Plaintiff,* | § | |
| | § | **Civil No. 6:20-cv-00272-ADA** |
| **v.** | § | |
| | § | |
| **AMAZON.COM, INC.,** | § | |
| **AMAZON.COM SERVICES LLC,** and | § | |
| **AMAZON WEB SERVICES, INC.** | § | |
| *Defendants.* | § | |

## <u>ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE</u>

Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc., (collectively, "Amazon") filed their Motion to Transfer (the "Motion") from the Western District of Texas (the "WDTX") to the Northern District of California (the "NDCA") on July 15, 2020. ECF No. 26. Plaintiff VoIP-Pal.com, Inc. ("VoIP") filed its Opposition to Amazon's Motion on August 5, 2020. ECF No. 33. Amazon filed its Reply on August 19, 2020. ECF No. 41. After careful consideration of the briefing and the applicable law, the Court **DENIES** Amazon's Motion.

## I.       FACTUAL BACKGROUND

Plaintiff VoIP is a Nevada corporation with its principal place of business in Waco, Texas. ECF No. 31 ¶ 1. Defendant Amazon is a Delaware corporation with its principal place of business in Seattle, Washington. *Id.* ¶¶ 2–4. VoIP filed a complaint against Amazon alleging infringement of U.S. Patent No. 10,218,606 (the "'606 patent" or the "Asserted Patent") on April 6, 2020. *Id.* ¶¶ 10, 47. The Asserted Patents describe systems, methods, and apparatuses for communication across and between internet-protocol based communication systems and other networks, such as internally controlled systems and external networks. *Id.* ¶¶ 26, 40. The "Accused System" is a platform for calling and messaging, enabling Amazon Alexa Calling Devices (such as the Amazon

Echo line of devices, fourth generation and later Amazon Fire devices with Alexa support, and mobile devices) and Alexa software running on such devices. *Id.* ¶ 44. The Accused System allows Amazon Alexa Calling Devices to initiate a call or a voice message between a first and second participant, with each participant device being associated with one or more network elements, with these network elements being either local or separate from one another. *Id.*

Vinod Prasad leads Amazon's Alexa Communications team, which includes nineteen employees in Sunnyvale, California. ECF No. 41-1 ¶ 3. Ex-Amazon employee Tim Thompson led a team of forty engineers responsible for the Alexa devices' operating system at Amazon's facility in Austin, Texas. ECF No. 33-25 ¶¶ 3–7. Bala Kumar leads a separate team of thirteen engineers responsible for Echo device hardware in Austin, Texas. *Id.*

While VoIP's principal place of business is here in Waco, only Chief Financial Officer Kevin Williams works in Waco. *VoIP-Pal.com, Inc. v. Amazon.com, Inc.*, No. 6:21-CV-00668 (W.D. Tex.), ECF No. 29 at 4. VoIP's other current and former c-suite executives live mainly in Canada. *Id.* Moreover, until recently VoIP's principal place of business was in Bellevue, Washington—VoIP moved to Waco in March 2021. *Id.*

## II.    LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an

'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under Section 1404(a) is whether a civil action might have been brought in the transfer destination venue. *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). Answering that question requires a determination of whether the proposed transferee venue is proper. A plaintiff may establish proper venue by showing that the defendant committed acts of infringement in the district and has a regular and established place of business there. 28 U.S.C. § 1400(b). A defendant has a regular and established place of business in the district if the plaintiff proves that there is a "physical place in the district," that it is a "regular and established place of business," and lastly that it is "the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Additionally, Fifth Circuit courts "should . . . grant" a § 1404(a) motion if the movant can show his proposed forum is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315. The Fifth Circuit further held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. US. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (hereinafter "*Volkswagen I*") (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the

3

familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

The burden to prove that a case should be transferred for convenience falls on the moving party. *Volkswagen II*, 545 F.3d at 314. Thus, the movant must demonstrate that the alternative venue is clearly more convenient than the plaintiff's chosen forum. *Id.* at 315. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314–15. While "clearly more convenient" is not necessarily equivalent to the "clear and convincing" evidence standard, the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

Finally, for purposes of transfer, a court does not need to look solely at the situation as it existed at time of filing of the Complaint when examining convenience factors. While a court must do so for purposes of considering where the suit "might have been brought" under § 1404(a), the "convenience" clause "includes no comparable language mandating that courts look only backward." *Lynk Labs, Inc. v. Home Depot USA, Inc.*, No. 6:21-CV-00097, 2022 WL 1593366, at *6 (W.D. Tex. May 19, 2022) (citing *Seagen Inc. v. Daiichi Sankyo Co.*, No. 2:20-CV-00337-JRG, 2021 WL 3620428, at *2 (E.D. Tex. Apr. 19, 2021)). Therefore, this Court will consider facts arising after the original transfer motion. *See Unification Techs. LLC v. Micron Tech., Inc.*, No. 6:20-CV-500-ADA, 2022 WL 92809, at *3 (W.D. Tex. Jan. 10, 2022).

### III.   ANALYSIS

4

**A. VoIP could have brought this suit in the Northern District of California.**

The preliminary question in any transfer analysis under 28 U.S.C. § 1404(a) is whether the plaintiff could have properly brought its lawsuit in the proposed transferee forum. *Volkswagen II*, 545 F.3d at 312. VoIP certainly could have. Under 28 U.S.C. § 1400(b), one location where venue in a patent lawsuit is proper is where the defendant has committed acts of infringement and maintains a regular and established place of business. Amazon maintains a significant office with many employees in the NDCA. VoIP does not dispute that this threshold inquiry is satisfied.

**B. The private interest factors weigh against transfer.**

**a. The relative ease of access to sources of proof slightly weighs against transfer.**

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). The question properly focuses on "*relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). And "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc*., 979 F.3d 1332, 1340 (Fed. Cir. 2020).

Amazon argues that this factor is neutral, stating that the bulk of the documentation relevant to this case is located in the Seattle area and stored on servers in Oregon. ECF No. 26 at 12; ECF No. 26-3 ¶ 11. The individuals who maintain technical documentation related to the accused technology are located in Amazon's Seattle headquarters. *Id.* Since the documents in Seattle are "equally accessible" in the NDCA and the WDTX, Amazon concludes this factor is neutral. ECF No. 26 at 12.

VoIP argues that additional relevant documentation is stored in the WDTX. ECF No. 33 at 11. VoIP relies on a declaration by Tim Thompson in *Parus Holdings Inc. v. Amazon.com, Inc.*, No. 6:19-CV-454 (W.D. Tex.), ECF No. 20-1, in which Mr. Thompson states "[t]echnical documentation relating to the work of the DeviceOS and Echo Platform Software teams is maintained at the Austin offices." ECF No. 33-25 ¶ 6. VoIP therefore concludes that because this documentation, which VoIP holds to be relevant, is located in and accessible from Austin, that this factor weighs against transfer. ECF No. 33 at 11.

In response, Amazon disputes the relevancy of the Thompson declaration and any statements within, arguing that the teams in question did not have any hand in developing or maintaining the Accused System, and as such do not have any relevant documentation. ECF No. 41 at 1. In support, Amazon introduces supplemental declarations from Mr. Thompson and Bala Kumar, senior members of the teams whose relevancy is disputed. ECF No. 41-2; ECF No. 41-3. These declarations state that these teams do not work on functionalities of the Accused System, which Amazon describes as involving "communications between devices," with these teams instead being responsible for "communications between the hardware components." ECF No. 41 at 1; ECF No. 41-2 ¶¶ 4–5, 6; ECF No. 41-3 ¶ 6.

While Amazon denies that documentation for the DeviceOS and Echo products stored in Austin are relevant, the Court does not agree. "[E]ven if the device operating system is not the most 'critical' part of infringement, VoIP still has a burden of showing that the operating system implements the more critical middleware functionality to prove its infringement case." *VoIP-Pal.com, Inc. v. Amazon.com, Inc.*, No. 6:21-CV-00668, 2022 WL 2110697, at *3 (W.D. Tex. June 10, 2022) (discussing a separate but analogous patent infringement suit between the same parties); *VoIP-Pal.com, Inc. v. Amazon.com, Inc.*, No. 6:21-CV-00668, ECF No. 88 (W.D. Tex. October

18, 2022) (denying motion for reconsideration of order denying transfer to the NDCA). These teams and their work are therefore relevant to the present case because of their involvement in developing systems and devices that implement the Alexa Calling and Messaging functionality.

This factor slightly weighs against transfer. Amazon concedes that the bulk of its documentation relating to the Alexa Calling and Messaging System and financial documentation is located in Seattle, not in the NDCA or the WDTX. Amazon employees in Austin will be able to access this documentation just as easily as Amazon employees in Sunnyvale. But because relevant teams, and therefore relevant documents, are located in Austin, this factor weighs against transfer.

### b. The compulsory process factor slightly favors transfer.

The Federal Rules permit a court to subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order. *Fintiv Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). And "when there is no indication that the witness is willing," the Court must presume that its subpoena power will be necessary to secure the witness' attendance. *In re DISH Network LLC*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021) (quoting *In re HP, Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018)). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014).

To support transfer, Amazon points to prior art witnesses located in the NDCA that it intends to use to prove invalidity. ECF No. 26 at 13. Amazon identifies companies "that are or were at the relevant time headquartered" in the NDCA that developed prior art systems: Avaya Inc. in Santa Clara, California; Skype Inc. in San Jose, California; Cisco Systems, Inc. in San Jose, California; Sylantro Systems in Campbell, California; and Altigen Communications in Milpitas, California. *Id.*; ECF Nos. 26-25–26-29. Since these witnesses have provided no indication of their willingness to attend trial, Amazon argues that the NDCA's subpoena power will be necessary. ECF No. 26 at 13. Amazon additionally identifies prior art developer AT&T, which is headquartered in Dallas, within this Court's 100-mile subpoena power, but claims that AT&T will likely not need to be compelled to provide a witness if called upon. *Id.*; ECF No. 26-24 at 22–23. Amazon preemptively attempts to block any claims of cherry-picking these prior art witnesses because these prior art witnesses were "identified in [a] prior Amazon case after it had already been voluntarily transferred" to the NDCA and before VoIP filed any cases in the WDTX. ECF No. 26 at 13. VoIP further argues that Amazon's prior art witnesses are speculative at best because Amazon has not served invalidity claim charts and because Amazon "cherry-picked" these three prior-art companies out of preliminary contentions that list 15 different systems. *Id.* at 12–13; ECF No. 26-24 at 10–30. Amazon contends that it did not cherry-pick the systems because it "discussed all fifteen systems previously identified" and merely pointed out those which are in the NDCA and did not submit claim charts because it "did not want to burden the Court with voluminous charts and because [VoIP] already has them." ECF No. 41 at 5.

For its part, VoIP points to witnesses in Dallas and Austin that it asserts will require this Court's subpoena power to compel attendance. ECF No. 33 at 13. VoIP intends to call Mr. George Brunt of Business Legal Management in Dallas, who is knowledgeable about licensing the

Asserted Patent, and Mr. Marcus Redding of Intellion Analytics Group in Austin, who has information related to damages. ECF No. 33-1 ¶ 51–52; ECF No. 33-33. Like Amazon's witnesses, VoIP's Dallas and Austin witnesses have not indicated a willingness to attend trial. ECF No. 33 at 13. Amazon argues that the Court should not count Messrs. Brunt or Redding under this factor because they are "consultants" retained by VoIP. *Id.* at 2. As to at least Mr. Redding, this was true in 2016 and 2018. ECF No. 31-1 ¶ 52. Yet Amazon has not presented evidence that either are still willing to testify in this case in 2022 or that VoIP is continuing to pay them.

The Court finds this factor to slightly favor transfer. Amazon cites six witnesses in its desired forum that require the NDCA's compulsory process; VoIP points to two that require this Court's compulsory process. There are only three more witnesses who reside in the NDCA than the WDTX, a difference that is insufficient to heavily tip the scale when considering that Amazon is statistically unlikely to select those prior art witnesses for trial from among the dozens of references that it contends invalidates the Asserted Patent. Thus, this factor weighs only slightly in favor of transfer.

### c. The cost of attendance for willing witnesses factor weighs against transfer.

The most important factor in the transfer analysis is witness convenience. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). When analyzing this factor, the Court should consider all potential materials and relevant witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017). This factor appropriately considers the cost of attendance of all willing witnesses, including both party and non-party witnesses. *In re Pandora Media, LLC*, No. 2021-172, 2021 WL 4772805, at *2–3 (Fed. Cir. Oct. 13, 2021). "Courts properly give more weight to the convenience of non-party witnesses than to party witnesses."

*Netlist, Inc. v. SK Hynix Inc.*, No. 6:20-CV-00194-ADA, 2021 WL 2954095, at *6 (W.D. Tex. Feb. 2, 2021).

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor or inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Volkswagen II*, 545 F.3d at 317 (quoting *Volkswagen I*, 371 F.3d at 203). But the Federal Circuit has clarified that courts should not "rigidly" apply the 100-mile rule in cases where witnesses would be required to travel a significant distance no matter where they testify. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317).

Rather, "the inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, slip op. at 9 (Fed. Cir. Sept. 27, 2021). The Federal Circuit has indicated that time away from an individual's home is a more important metric than distance. *Id.* Time and distance frequently and naturally overlap because witnesses usually take more time to travel farther away, thereby increasing the time away from home. A witness in Florida would not find it more convenient to travel to Texas than to California despite Texas being halfway between Florida and California. *In re Apple Inc.*, No. 2022-128, 2022 WL 1196768, at *3 (Fed. Cir. Apr. 22, 2022).

Amazon claims that it has 350 employees on the Alexa Communications team, with the majority of relevant employees living and working in Seattle, additional relevant employees in Toronto, and a handful of additional relevant employees in the Bay Area and in India. ECF No. 26-3 ¶ 9. These employees are supposedly responsible for designing, developing, and managing the code for the "Alexa Calling and Messaging" system VoIP accuses in its complaint. ECF No.

10

26 at 6. According to Amazon, none of these identified employees are located within the WDTX. ECF No. 26-3 ¶ 13.[1] Thus, Amazon argues, its development employees "and other likely trial witnesses" located in Seattle will be much more inconvenienced by traveling to the WDTX than to the NDCA. ECF No. 26 at 14. In response, VoIP questions why Amazon did not "provid[e] any specifics" on how many relevant employees exist. ECF No. 33 at 8; ECF No. 26-3 ¶ 7. In its Reply, Amazon introduces a declaration from Mr. Vinod Prasad that states that there is a team of nineteen people in Sunnyvale, California, who works on the backend portion of the client software that enables the accused functionality. ECF No. 41-1 ¶ 3. While Amazon asserts that there are a large number of people in the NDCA or closer to the NDCA on the Alexa Communications team with relevant knowledge, the Court finds that these statements are not definite enough to weigh into the transfer analysis. Mr. Hardie acknowledges that the Alexa Communications service includes, "among other things," the Accused Systems, and "believe[s]" that "a majority" of the relevant Alexa Communications team members are located on the west coast, noting that he "do[es] not know" any Amazon employees working on the Alexa Calling and Messaging system in the WDTX. ECF No. 26-3 ¶¶ 8, 9, 13. But these statements do not provide meaningful detail as to the number of relevant witnesses in the Alexa Communications team, and instead, they merely dance around the question. Accordingly, these assertions are not given any weight in this factor. Amazon has, however, sufficiently identified nineteen people in Sunnyvale that have relevant knowledge and count towards transfer.

Amazon further argues that the location of VoIP's witnesses either favors or weighs neutrally on transfer. Amazon identifies VoIP's executive officers and staff, who are, according to

---

[1] Amazon's declarant, Mr. Tony Hardie, identifies one employee who previously worked on the relevant technologies who resides in the Dallas-Fort Worth area but clarifies that this individual "has not worked on Alexa Calling and Messaging for several years." ECF No. 26-3 ¶ 13.

VoIP's website: Colin Tucker, Emil Malak, Dennis Chang, Edwin Candy, Ryan Thomas, Roland Franke, Ray Leon, D. Barry Lee, Pentti Huttunen, and Alex Krapyvny. *VoIP-Pal.com, Inc. v. AT&T, Inc.*, No. 6:20-CV-00325 (W.D. Tex.), ECF No. 22-42. Amazon provides records indicating Messrs. Malak, Lee, and Huttunen reside in Vancouver, British Columbia, Canada; Mr. Tucker resides in the United Kingdom; Mr. Thomas resides in North Layton, Utah; Mr. Chang resides in the San Francisco Bay Area in California; and Mr. Candy resides in Gibraltar. *Id.* at ECF Nos. 22-30, 22-34–22-37. Only Mr. Chang will count towards transfer, as all others will need to spend significant time away from home to testify in either the WDTX or the NDCA and accordingly neither favor transfer nor retention. Amazon also identifies the inventors of the Asserted Patent: Emil Malak, Jev Björsell, Clay Perreault, Fuad Arafa, Rod Thomson, and Steve Nicholson, who are located in Vancouver, New York, and New Zealand. All inventors have since consented to testify if required in Waco. ECF Nos. 33-42–33-46. However, since these individuals that have agreed to testify are far enough away from either district that they will be inconvenienced in such a manner that they will need to spend significant time away from home in either district, these witnesses are considered to weigh neither in favor nor against transfer.

VoIP points to fifty-three Amazon employees in Austin that Amazon has previously identified in other cases that VoIP believes may also work on the accused instrumentalities. ECF No. 33 at 9–10; ECF No. 33-25 ¶¶ 3, 5. The Amazon employees VoIP highlights comprise Amazon's DeviceOS team, which designs and develops the operating system for Amazon Echo and FireTV products. ECF No. 33-25 ¶¶ 2–4. Amazon denies the relevance of the teams led by Mr. Thompson and Ms. Kumar, stating that these teams do not work on the instrumentalities VoIP alleges infringes the Asserted Patent. ECF No. 41-2 ¶ 2; ECF No. 41-3 ¶ 2. However, as previously mentioned, these teams and their work are indeed relevant because of their involvement in

developing systems and devices that implement the Alexa Calling and Messaging functionality. These employees therefore weigh against transfer.

The Court finds this factor to weigh against transfer. Amazon attempts to identify a large number of witnesses on the Alexa Communications team but does not provide enough information for the Court to treat the assertion as credible, with the exception of the nineteen witnesses identified in the Sunnyvale office on the Alexa Communications team. VoIP's executive, Mr. Chang, also weighs in favor of transfer. The fifty-three Amazon employees VoIP identifies in Austin are also relevant and weigh against transfer. In total, there are twenty witnesses in or around the NDCA that favor transfer, and fifty-three witnesses in or around the WDTX that favor retention. Therefore, this factor weighs against transfer.

### d. Other practical problems are neutral.

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation . . . involving the same patent-in-suit, . . . pertaining to the same underlying technology and accusing similar services, . . . the Federal Circuit cannot say the trial court clearly abuses its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010).

The Court finds this factor neutral. VoIP filed six cases in this District between April 2 and April 24, 2020, each accusing similar technologies. *VoIP-Pal.com, Inc. v. Facebook, Inc.*, No. 6:20-cv-00267, ECF No. 1 (W.D. Tex. Apr. 2, 2020); *VoIP-Pal.com. Inc. v. Google, LLC*, No.

6:20-cv-00269, ECF No. 1 (W.D. Tex. Apr. 3, 2020); *VoIP-Pal.com, Inc. v. Amazon.com, Inc.*, No. 6:20-cv-00272, ECF No. 1 (W.D. Tex. Apr. 6, 2020); *VoIP-Pal.com, Inc. v. Apple, Inc.*, No. 6:20-cv-00275, ECF No. 1 (W.D. Tex. Apr. 7, 2020); *VoIP-Pal.com, Inc. v. AT&T Corp.*, No. 6:20-cv-00325, ECF No. 1 (W.D. Tex. Apr. 24, 2020); *VoIP-Pal.com, Inc. v. Verizon Comms., Inc.*, No. 6:20-cv-00327, ECF No. 1 (W.D. Tex. Apr. 24, 2020). Three of those cases have since been dismissed. *VoIP-Pal.com, Inc. v. Apple Inc.*, No. 6:20-cv-275, ECF No. 49 (W.D. Tex. Mar. 24, 2021); *VoIP-Pal.com, Inc. v. AT&T, Inc.*, No. 6:20-cv-325, ECF No. 53 (W.D. Tex. Mar. 25, 2021); *VoIP-Pal.com, Inc. v. Verizon Comms., Inc.*, No. 6:20-cv-327, ECF No. 49 (W.D. Tex. Apr. 1, 2021). Two have been transferred to the NDCA: *VoIP-Pal.com, Inc. v. Facebook, Inc.*, No. 6:20-cv-00267, ECF No. 97 (W.D. Tex. Jul. 22, 2022); *VoIP-Pal.com. Inc. v. Google, LLC*, No. 6:20-cv-00269, ECF No. 1 (W.D. Tex. Apr. 3, 2020).

Amazon argues that this case should be transferred to the NDCA because VoIP previously litigated patents covering related technologies there. ECF No. 26 at 8–10. Amazon makes repeated mention to Judge Lucy Koh, who has presided over at least six cases in the same family of patents as the Asserted Patent. ECF No. 26 at 8. Judge Koh has since left the NDCA to take the bench on the Ninth Circuit. *VoIP-Pal.com, Inc. v. Meta Platforms, Inc.*, No. 6:21-cv-667, 2022 WL 2110696, at *7 (W.D. Tex. May 31, 2022). Judge Virginia DeMarchi, however, in the NDCA was assigned to several previous cases involving VoIP's patent portfolio. *Id*.

The accused products in this case have not been litigated pursuant to the Asserted Patents, or to any of the patents in VoIP's portfolio, in the NDCA. Amazon instead compares the '606 patent's language to portions of other patents in VoIP's portfolio and relies on Judge Koh's finding in *VoIP-Pal.Com, Inc. v. Twitter, Inc.,* to support their argument that the '606 patent is similar enough to the actions brought in the NDCA to support transfer. No. 18-CV-04523-LHK, 2021 WL

3773611 (N.D. Cal. Apr. 21, 2020). Judge Koh also issued other decisions that suggest the cases are unrelated. Order Denying Motion to Relate, *Apple v. VoIP-Pal.com, Inc.*, No. 20-CV-02460-LHK (N.D. Cal. Aug. 25, 2021) ("The Court DENIES Apple's motion to relate the instant case"); Order Denying Motion to Relate, *AT&T Corp. v. VoIP-Pal.com, Inc.*, No. 20-CV-2995-LHK (N.D. Cal. Aug. 25, 2021) ("The Court DENIES AT&T's motion to relate the instant case"). This Court previously found that the cases in the NDCA did not relate closely enough to warrant a stay of the cases pending in the WDTX. *VoIP-Pal.com, Inc. v. Apple, Inc.*, No. 6:21-cv-670-ADA (W.D. Tex. Sept. 3, 2021).

But for this transfer factor, the Court only looks to whether the cases are closely related enough such that the NDCA might gain some judicial efficiency that makes trial more practical and expeditious. Due to the history in the NDCA, Judge DeMarchi's continued involvement in the NDCA cases, and the two related cases that have been transferred there from this Court, the Court concludes that the NDCA will gain some small amount of efficiency if this case were transferred. The Court, however, also finds it important that there is an analogous case between the same parties and similar patents currently pending before this Court. *See VoIP-Pal.com, Inc. v. Amazon.com, Inc.*, No. 6:21-CV-00668, ECF No. 88 (W.D. Tex. June 10, 2022). On the whole, any efficiency gained by transferring to the NDCA is balanced out by this pending case remaining with this Court.

Both the transferor and transferee forums are familiar with the parties and technologies at issue. Accordingly, the Court finds this factor neutral.

### C. The public interest factors weigh slightly against transfer.

#### a. The court congestion factor weighs slightly against transfer.

The analysis under this factor asks "whether there is an appreciable difference in docket congestion between the two forums." *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73

(1963); *Parkervision, Inc. v. Intel Corp.*, No. 6:20-CV-00108, 2021 WL 401989, at *6 (W.D. Tex. Jan. 26, 2021). The Court considers the "speed with which a case can come to trial and be resolved . . . ." *Genentech, Inc.*, 566 F.3d at 1347. However, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

The Court finds this factor to weigh slightly against transfer. Amazon argues that the NDCA's lower caseload weighs in favor of transfer to that District. ECF No. 26 at 14–15. "While the Federal Circuit has previously held that there are "no significant differences in caseload or time-to-trial statistics" between the WDTX and the NDCA, *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021), recent data show that this Court has been able to hold trials faster than the Northern District of California, with an approximate time to trial of two years.[2] The

---

[2] *See, e.g., MV3 Partners v. Roku, Inc.,* 6:18-cv-00308-ADA (W.D. Tex., filed Oct. 16, 2018) (23.7 months from case filing to trial); *CloudofChange, LLC, v. NCR Corp.*, No. 6:19-cv-00513-ADA (W.D. Tex., filed August 30, 2019) (20.3 months from case filing to trial); *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-00057-ADA (W.D. Tex., filed Apr. 11, 2019) (22.4 months from case filing to trial); *Freshub, Inc. v. Amazon.Com Inc.*, No. 6:21-cv-00511-ADA (W.D. Tex., filed Jun. 24, 2019) (23.7 months from case filing to trial); *ESW Holdings, Inc. v. Roku, Inc*., No. 6:19-cv-00044-ADA (W.D. Tex., filed Feb. 8, 2019) (25.9 months from case filing to trial); *Profectus Tech. LLC v. Google LLC*, 6:20-cv-00101-ADA (W.D. Tex., filed Feb. 10, 2020) (19.6 months from case filing to trial); *Jiaxing Super Lighting v. CH Lighting Tech.*, 6:20-cv-00018-ADA (W.D. Tex., filed Jan. 10, 2020) (21.7 months from case filing to trial); *VideoShare LLC v. Google LLC*, 6:19-cv-663-ADA (W.D. Tex., filed Nov. 15, 2019) (23.8 months from case filing to trial); *NCS Multistage Inc. v. Nine Energy Serv.'s, Inc.*, No. 6:20-cv-00277-ADA (W.D. Tex., filed Mar. 24, 2020) (21.8 months from case filing to trial); *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex., filed Jan. 31, 2020) (24 months from case filing to trial); *Densys Ltd. v. 3Shape Trio A/S*, 6:19-cv-00680-ADA (W.D. Tex., filed Nov. 26, 2019) (28.3 months from case filing to trial); *Appliance Computing III, Inc. v. Redfin Corp.*, No. 6:20-cv-00376-ADA (W.D. Tex., filed May 11, 2020) (24 months from case filing to trial); *Caddo Sys. Inc., v. Microchip Tech. Inc.*, No. 6:20-cv-00245-ADA (W.D. Tex., filed March 27, 2020) (26.5 months from case filing to trial); *SunStone Info. Def., Inc. v. International Bus. Machines Corp.*, No. 6:20-cv-1033-ADA (W.D. Tex., filed Nov. 9, 2020) (21.0 months from case filing to trial);

Federal Circuit has previously emphasized the importance of rapid disposition of patent cases. *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989). It has even acknowledged Congress's interest in the "quick" resolution of patent disputes. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016). In view of Federal Circuit law and recent time-to-trial statistics, the Court finds this factor weighs slightly against transfer.

### b. The local interests are neutral.

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). Accordingly, "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)) (emphasis in original).

But courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence in the district. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of

---

*NCS Multistage Inc. v. TCO Products Inc.*, No. 6:20-cv-00622-ADA (W.D. Tex., filed Sept. 9, 2020) (23.4 months from case filing to trial); *Ravgen, Inc. v. Lab. Corp. of Am. Holdings*, No. 6:20-cv-00969-ADA (W.D. Tex. filed Nov. 16, 2020) (23.1 months from case filing to trial).

litigation." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1320 (Fed. Cir. 2021) (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)).

Thus, while the location of VoIP's headquarters in Waco would normally be entitled to at least some weight, the Court gives no weight to its location in this case. VoIP had not established itself in Waco until long after this case was filed, and even still its "headquarters" in the WDTX is staffed by only one employee. *VoIP-Pal.com, Inc. v. Amazon.com, Inc.*, No. 6:21-CV-00668 (W.D. Tex.), ECF No. 48 at 4. VoIP's other C-suite executives, meanwhile, continue to live in Canada. *Id.* Such a connection to Waco is insufficient to weigh against transfer.

The Court finds this factor neutral. Under this factor, the Court looks to the events that give rise to this lawsuit. *Juniper Networks*, 14 F.4th at 1320. Here, the Court properly looks to where Amazon's accused technology was developed. *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371 (Fed. Cir. 2021), *cert. denied sub nom. Ikorongo Tex. LLC v. Samsung Elecs. Co., Ltd.*, 142 S. Ct. 1445 (2022) (courts must look to where the "research[], design[], and develop[ment]" of accused technology took place). Amazon argues that this factor favors neither the NDCA nor the WDTX because neither Amazon nor VoIP are headquartered in either district, and because Amazon has sizeable facilities in both districts. ECF No. 26 at 15. VoIP claims that this factor favors retention because "Amazon has a significant presence in WDTX" which is "exploding" as the company expands in Texas. ECF No. 33 at 14. This discounts the existence of Amazon's facilities and offices in the NDCA, which are of at least comparable size to those in the WDTX. ECF No. 41 at 3. Additionally, development of the Accused Systems is spread out across numerous locations in the country, including both the WDTX and the NDCA. *See, e.g.*, ECF No. 26-3 ¶ 9; ECF No. 33-25 ¶¶ 3–7; ECF No. 41-1 ¶ 3. In sum, both the NDCA and the WDTX have valid local interests

because research, design, and development of accused technology occurred in both districts. Accordingly, the Court finds this factor neutral.

### c. The familiarity with governing law factor is neutral.

The parties agree this factor is neutral. Accordingly, the Court finds it neutral.

### d. The conflict of laws factor is neutral.

The parties agree this factor is neutral. Accordingly, the Court finds it neutral.

## IV.    CONCLUSION

In sum, the balance of the *Volkswagen* factors weighs against transfer. Only the compulsory process factor slightly favors transfer, while the court congestion, convenience of witnesses, and sources of proof factors weigh against transfer. The practical problems, local interests, governing law, and conflict of laws factors are neutral. For these reasons, Amazon's Motion to Transfer is **DENIED**.

SIGNED this 19th day of October, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE